**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **K.C., K.B.-1, K.B.-2, B.B., and T.B.**

**No. 17-0390** (Kanawha County 15-JA-305, 15-JA-306, 15-JA-307, 15-JA-308, & 16-JA-234)

# MEMORANDUM DECISION

Petitioner Mother C.C., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's April 7, 2017, order terminating her parental rights to K.C., K.B.-1, K.B.-2, B.B., and T.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon K. Childers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) failing to return the children to her custody after successfully completing her improvement period, and (2) finding sufficient evidence to support terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against petitioner and the father J.B. According to the petition, the DHHR received a referral that petitioner and the father abused and/or neglected the children due to their substance abuse, domestic violence in the home, a failed attempt to implement a protection plan, and concerns about the extensive criminal histories of the parents, among other allegations. Shortly thereafter, the circuit court held a preliminary hearing. The DHHR presented several witnesses, including two police officers and a DHHR supervisor. The police officers testified that they responded to petitioner's residence on multiple occasions between January of 2015 and October of 2015. Further, the officers testified that the father brought the children to the police detachment several times after domestic violence incidents, which they had witnessed. Ultimately, the circuit court dismissed the matter, over the guardian's objection, finding that the DHHR failed to meet its burden of proof.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as K.B.-1 and K.B.-2 throughout this memorandum decision.

In November of 2015, the guardian filed a motion to reconsider the petition and the circuit court held a second hearing, during which the guardian presented the testimony of a DHHR caseworker and a relative. The relative testified that she had witnessed several instances of domestic violence between petitioner and the father, many of which were in the presence of the children. The relative also testified that the father requested her assistance in filing a domestic violence petition against petitioner after the recent dismissal of the petition. At the close of evidence, the circuit court made a finding of probable cause and placed the children in the custody of the DHHR. The circuit court ordered petitioner to participate in family reunification services and random drug screens.

In February of 2016, the circuit court held an adjudicatory hearing. The DHHR presented the testimony of petitioner's landlord, who testified that petitioner was currently being evicted from her home due to continuous police responses to the home, verbal and physical altercations between petitioner and the father, and reoccurring disturbances in the neighborhood. The circuit court adjudicated petitioner as an abusing parent and granted her a post-adjudicatory improvement period, which required that she (1) participate in supervised visitation; (2) submit to random drug screens; (3) find stable housing and consistent employment; and (4) participate in parenting and adult life skills, among other requirements.

In April of 2016, the circuit court held a review hearing and continued petitioner's improvement period. However, the DHHR subsequently filed an amended petition in which it alleged that petitioner tested positive for Oxycodone, Oxymorphone, Trazadone, and Xanax throughout her pregnancy with T.B., who was born during the proceedings. In June of 2016, the circuit court continued petitioner's improvement period despite finding that she was not fully complying with her random drug screens.

In November of 2016, the circuit court held a review hearing and continued petitioner's improvement period. Despite not obtaining proper housing, petitioner's improvement period was continued again in December of 2016 and she was granted unsupervised visitation with the children. However, petitioner soon lost her right to unsupervised visitation in January of 2017, when allegations arose that petitioner was missing visits and allowing the children to be in the presence of the father against court orders. The circuit court later set the dispositional hearing based upon the expiration of petitioner's post-adjudicatory improvement period, which had been extended over twelve months.

In March of 2017, the circuit court held a dispositional hearing. According to the witness presented, petitioner failed to comply with several aspects of her post-adjudicatory improvement period. Specifically, the circuit court heard evidence that petitioner failed to protect the children from the father; failed to obtain proper housing, despite the DHHR's repeated offers of assistance; and failed to safely parent and provide for five children. Petitioner testified on her own behalf and admitted to permitting the children to have contact with their father against court orders. The DHHR subsequently presented a rebuttal witness, who testified that the paternal grandfather was allowing petitioner and the father to live in his home and had witnessed continued domestic violence between the parents. After considering the evidence, the circuit court found that petitioner neglected her children by exposing them to repeated instances of

domestic violence, failing to find suitable housing for the children, and not taking the appropriate steps to remedy the circumstances which led to the petition's filing. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and that termination of petitioner's parental rights was necessary for the children's welfare. As such, the circuit court terminated petitioner's parental rights to the children in its order dated April 7, 2017.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues on appeal that the circuit court erred in not returning custody of her children to her after she "successfully completed" her improvement period. We disagree. West Virginia Code § 49-4-610 provides that a circuit court has discretion to grant, extend, or terminate an improvement period. West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion . . . to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993). Further, it is possible for an individual to show "compliance with specific aspects of the case plan" while failing "to improve . . . [the] overall attitude and approach to parenting." *W. Va. Dep't of Human Servs. v. Peggy F.*, 184 W.Va. 60, 64, 399 S.E.2d 460, 464 (1990). While petitioner did often comply with the terms of her post-adjudicatory improvement period, it cannot be said that she was successful in its completion. Throughout her pregnancy with T.B., petitioner tested positive for controlled substances.

---

[2]In addition to petitioner's parental rights being terminated below, J.B., father of the children, other than K.C., voluntarily relinquished his parental rights in the proceedings below. C.W., father to K.C., is a non-abusing parent. According to the record, K.C., K.B.-1, and K.B.-2 are in a foster home together. B.B. and T.B. are together in a foster home separate from the others. The permanency plan is for the children to be adopted by the foster parents, with the exception of K.C., whose permanency plan is to be reunified with her non-abusing father.

Petitioner also continued to participate in domestic violence with the father. In fact, petitioner continued living with the father and exposed her children to him after court orders to discontinue contact. Finally, petitioner failed to provide adequate housing after numerous offers of assistance from the DHHR. Contrary to her argument that the DHHR failed to pay her first and last month's rent, the record indicates that the DHHR did issue the checks. Petitioner argues that she substantially complied with the terms of the improvement period, but it is clear from the record that she has fallen short of all that was required. Thus, we find no error in the circuit court's decision to terminate petitioner's improvement period and to leave the custody of the children with the DHHR.

Finally, we find no error in the circuit court's termination of petitioner's parental rights. On appeal, petitioner argues that there was insufficient evidence upon which to terminate her parental rights, but we find this argument to be without merit. As noted above, the circuit court specifically found that petitioner failed to take the steps necessary to remedy the circumstances which led to filing the petition. Petitioner tested positive for controlled substances, failed to provide adequate housing for her children, continued to participate in domestic violence, and admitted to exposing her children to the father against court orders, ultimately leading the circuit court to conclude that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon such findings. Moreover, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 7, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker